DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Robert M. Szakal, appeals the decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellee, Bureau of Workers' Compensation. This Court affirms.
 I. {¶ 2} On June 22, 1998, appellant was injured when his hand was partially amputated by a rubber cutting machine at work. Appellant filed a workers' compensation claim and the claim was denied. Appellant appealed the denial of his workers' compensation claim in the Summit County Court of Common Pleas. Appellee Bureau of Workers' Compensation ("BWC") filed a motion for summary judgment, arguing appellant was ineligible to receive the benefits because he was under the influence of cocaine at the time of the accident. The trial court granted appellee BWC's motion for summary judgment.
 {¶ 3} Appellant timely appealed and sets forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred in granting summary judgment based on exhibits which do not comply with the requirements of rule 56(c) of the ohio rules of civil procedure."
 {¶ 4} In his first assignment of error, appellant argues the trial court erred in granting summary judgment to appellee BWC based on exhibits which do not comply with the requirements of Civ.R. 56(C). This Court disagrees.
 {¶ 5} In the instant case, appellant specifically argues that both Exhibit A, the Drug(s) of Abuse Employer Recommendation Form from Dr. Jess Bond, and Exhibit C, the Occupational Medicine Examination report from Dr. Kevin Trangle, are unsworn documents that the trial court should not have considered in ruling on appellee BWC's motion for summary judgment. This Court has held:
"A [party] can move for summary judgment `with or without supporting affidavits.' Civ.R. 56(A). Civ.R. 56(C) specifies that certain evidence can properly be considered by a trial court in a motion for summary judgment: `pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact[.]' `The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E).' Skidmore Assoc. Co. v. Southerland (1993),89 Ohio App.3d 177, 179, 623 N.E.2d 1259. However, if the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion. Id. at 179-80." Christe v. GMS Mgmt. Co.
(1997), 124 Ohio App.3d 84, 90.
 {¶ 6} Appellant failed to object to the unsworn exhibits in the trial court. Therefore, he cannot raise this issue for the first time on appeal. Failure to object at the trial court level, when the issue is apparent at that time, constitutes a waiver of that issue, and therefore the issue need not be heard for the first time on appeal. State v. Awan
(1986), 22 Ohio St.3d 120, syllabus; see, also, In re M.D. (1988),38 Ohio St.3d 149, 150. Accordingly, this Court will not review appellant's argument that the trial court improperly considered Exhibits A and C in its summary judgment determination. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"The trial court erred in granting summary judgment because the evidence, when construed most strongly in favor of Appellant, does not support a conclusion that summary judgment is appropriate."
 {¶ 7} In his second assignment of error, appellant argues the trial court erred in granting summary judgment to appellee BWC because the evidence, when construed most strongly in favor of him, does not support a conclusion that summary judgment is appropriate. This Court disagrees.
 {¶ 8} Pursuant to Civ.R. 56(C), it is appropriate for a trial court to grant summary judgment when:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.)Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E).
 {¶ 9} An appellate court will review summary judgment de novo.Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. Like the trial court, the appellate court must view the facts in the light most favorable to the nonmoving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12. Any doubt must be resolved in favor of the nonmoving party. Id.
 {¶ 10} In Ohio, R.C. 4123.54 governs the award of workers' compensation benefits when an employee is injured, develops disease, or dies in the course of employment. The statute prohibits the award of benefits for any injury "[c]aused by the employee being intoxicated or under the influence of a controlled substance not prescribed by a physician where the intoxication or being under the influence of the controlled substance not prescribed by a physician was the proximate cause of the injury[.]" R.C. 4123.54(A)(2).
 {¶ 11} In its motion for summary judgment, appellee BWC argued appellant was ineligible to receive workers' compensation benefits because he was under the influence of cocaine at the time of his accident. In support of its argument, appellee BWC presented Exhibit A, a Drug(s) of Abuse Employer Recommendation Form from the Summa Occupational Health System, in which Dr. Jess Bond checked, circled, signed, and dated the following Medical Review Officer's Report: "Based on my evaluation there is/are detectable drug(s) of abuse which would place the examinee or fellow employees at increased risk of physical impairment from his/her work duties." Appellee BWC also presented Exhibit B, appellant's deposition in which he admits he used cocaine from Friday evening until noontime on Saturday of the weekend prior to his Monday afternoon accident. Lastly, appellee BWC presented Exhibit C, the Occupational Medicine Examination report, in which Dr. Kevin Trangle reviewed appellant's medical records from three different hospitals, two different doctors, and appellant's deposition and concluded, in his opinion, the amount of cocaine in appellant's system was sufficient to impair his judgment and proximately caused his injuries.
 {¶ 12} Appellant did not produce any contrary medical evidence in response to appellee BWC's motion for summary judgment. After reviewing the undisputed evidence in the light most favorable to appellant, this Court finds that no genuine issue remained with regard to the facts that appellant's use of cocaine was the proximate cause of his accident and injuries and, therefore, he is ineligible to receive workers' compensation benefits in this case.
 {¶ 13} In light of the above facts and the applicable law, this Court finds that summary judgment was properly granted in favor of appellee BWC. Appellant's second assignment of error is overruled.
 III. {¶ 14} Appellant's two assignments of error are overruled. Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J. and Batchelder, J., concur.