DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant James Wolford has appealed from the decision of the Lorain County Court of Common Pleas that granted summary judgment to the City of Lorain, J.M. Sanchez, Cel Rivera, and three John Does. This Court affirms.
 I {¶ 2} On January 8, 2003, Plaintiff-Appellant James Wolford ("Wolford") filed a complaint against Defendants-Appellees J.M. Sanchez, Cel Rivera, the City of Lorain, and three John Does (collectively "Appellees") alleging malicious prosecution, false arrest, and civil conspiracy to harass, injure, embarrass, and humiliate Wolford. The claims arose from Wolford's arrest in June of 1996 for domestic violence. Wolford argued that the arrest was part of a plan to embarrass, inconvenience, and harass him because of a favorable decision he received from an arbitrator that reinstated his employment as a City of Lorain police officer. Appellees filed a motion for summary judgment on January 24, 2003. On February 21, 2003, Wolford responded with a motion requesting that the trial court dismiss Appellees' motion for summary judgment or in the alternative extend his response deadline by 120 days. Appellees responded in opposition to Wolford's motion. On March 20, 2003, the trial court denied Wolford's motion, but did grant an additional 90 days to conduct discovery.
 {¶ 3} On June 19, 2003, Wolford filed a motion requesting an additional 60 days to complete discovery. Appellees again responded in opposition. On August 1, 2003, Appellees requested the trial court rule on their motion for summary judgment arguing that although Wolford's response deadline to said motion was July 11, 2003, he had still failed to respond to the motion. On August 5, 2003, the trial court granted Wolford's motion and ruled that his response to Appellees' motion for summary judgment was due "on or before September 10, 2003." The trial court also stated that "[n]o further extensions shall be granted." Accordingly, it denied Appellees' motion to rule on the motion for summary judgment.
 {¶ 4} On September 11, 2003, Wolford filed another request for a discovery extension. He requested an additional 60 days to complete the necessary discovery because Appellees "wereentirely uncooperative and obstructionist." Appellees responded in opposition to Wolford's motion on September 23, 2003 and denied any uncooperative or obstructive behavior. On March 8, 2004, Appellees filed a second request for a ruling on their motion for summary judgment; Wolford responded with a memorandum in opposition to Appellees' motion and he requested more time to complete discovery.
 {¶ 5} On February 8, 2005, the trial court granted Appellees' unopposed motion for summary judgment. The trial court found that Appellees satisfied their burden and that Wolford's lack of response resulted in the fact that reasonable minds could come to only one conclusion, which was adverse to Wolford. Accordingly, the trial court found that Appellees were entitled to judgment as a matter of law.
 {¶ 6} On March 9, 2005, Wolford filed an appeal from the trial court's ruling. On May 9, 2005, Wolford filed a motion for an extension to file his appellate brief and this Court granted said motion. This Court stated that no further extensions would be granted and ordered that Wolford's brief be filed by May 31, 2005. On May 31, 2005, Wolford filed a second motion for an extension of time to file his appellate brief. Then on June 3, 2005, Wolford filed a motion for leave to file his appellate brief instanter. On June 13, 2005, this Court dismissed Wolford's appeal because he failed to file an appellate brief. Wolford then filed a motion for this Court to reconsider its order dismissing his appeal. On July 1, 2005, this Court reinstated Wolford's appeal and found that his brief filed on June 3, 2005 was timely filed. Wolford has presented six assignments of error for our review. For ease of analysis, we have consolidated some of the assignments of error.
 II Assignment of Error Number One
"[APPELLEES] DID NOT MEET THEIR BURDEN REQUIRED TO OBTAIN SUMMARY JUDGMENT IN THEIR FAVOR."
 Assignment of Error Number Four
"RIVERA WAS NOT ENTITLED TO SUMMARY JUDGMENT ON THE CONSPIRACY CLAIM[.]"
 Assignment of Error Number Five
"THE UNAUTHENTICATED INCIDENT REPORT ATTACHED TO [APPELLEES'] MOTION FOR SUMMARY JUDGMENT AS EXHIBIT C DOES NOT ESTABLISH THE ABSENCE OF GENUINE ISSUES OF MATERIAL FACT FOR ANY DEFENDANT."
 {¶ 7} In his first, fourth, and fifth assignments of error, Wolford has argued that the trial court erred when it awarded summary judgment to Appellees. In his first assignment of error, Wolford has argued that Appellees failed to meet their burden for summary judgment. In his fourth assignment of error, Wolford has argued that his complaint established a valid civil conspiracy claim against Rivera. In his fifth assignment of error, Wolford has argued that the unauthenticated incident report attached to Appellees' motion for summary judgment does not establish evidence sufficient for summary judgment. We disagree.
 {¶ 8} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948,107 S.Ct. 433, 93 L.Ed.2d 383. "We review the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs., Inc. v. Lekan
(1992), 75 Ohio App.3d 205, 208. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id. at 292-293.
 {¶ 10} Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id. See, also, Henklev. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 11} Pursuant to Civ.R. 56(C):
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 12} In his complaint against Appellees, Wolford asserted three causes of action: 1) malicious prosecution; 2) false arrest; and 3) civil conspiracy. We first address the factors of each claim.
Malicious Prosecution
 {¶ 13} To prove a claim of malicious prosecution, a plaintiff must show the following by the preponderance of the evidence: "(1) malice in instituting or continuing the prosecution; (2) lack of probable cause; and (3) termination of the prosecution in favor of the accused." Trussell v. Gen. Motors Corp. (1990),53 Ohio St.3d 142, syllabus. It is undisputed that the domestic violence charge in the instant matter was dismissed. Accordingly, Appellees only needed to show a lack of genuine issue of material fact as to the first and second elements of malicious prosecution.
 {¶ 14} "Malice" for purposes of a malicious prosecution claim has been defined as "an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice."Criss v. Springfield Twp. (1990), 56 Ohio St.3d 82, 85. When determining whether the proceedings were properly instituted, the finder of fact must decide whether the person who chose to prosecute had a valid basis for instituting the action. Id. "If the basis for prosecution cannot be shown, those who made the decision will appear to have acted with no basis — that is, maliciously." Id. Malice may be inferred by the absence of probable cause. Melanowski v. Judy (1921), 102 Ohio St. 153, paragraph one of the syllabus; Mayes v. Columbus (1995),105 Ohio App.3d 728, 737.
 {¶ 15} In addition to malice, Wolford must show a lack of probable cause to institute the complaint. In evaluating whether probable cause existed, a court must examine the facts and circumstances actually known or reasonably within contemplation of Appellees when they instituted the complaint and must consider what a reasonable person would have believed. Nahra v. TheColiseum (July 14, 1993), 9th Dist. No. 15854, at 10-11. A malicious prosecution action was taken without probable cause if:
"the defendants instituted or continued the prosecution without a `reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused [was] guilty of the offense with which he [was] charged[.]'" (Alterations sic.) Mayes,105 Ohio App.3d at 737, quoting McFinley v. Bethesda Oak Hosp.
(1992), 79 Ohio App.3d 613, 617.
False Arrest
 {¶ 16} False arrest is the "unlawful restraint by one person of the physical liberty of another." (Quotation omitted). Rogersv. Barbera (1960), 170 Ohio St. 241, 243. While the plaintiff is not required to prove that the defendant had no probable cause to arrest, the existence of probable cause to arrest defeats a false arrest claim. Harvey v. Horn (1986), 33 Ohio App.3d 24, 27;Weible v. Akron (May 8, 1991), 9th Dist. No. 14878, at 4, citing Bertram v. Richards (1974), 49 Ohio App.2d 3, 5-6.
 {¶ 17} Pursuant to R.C. 2935.03(B)(3)(a)(ii):
"[A] peace officer * * * has reasonable grounds to believe that the offense of domestic violence * * * has been committed and reasonable cause to believe that a particular person is guilty of committing the offense if * * *: the peace officer, based upon his own knowledge and observation of the facts and circumstances of the alleged incident of the offense of domestic violence * * * or based upon any other information, including, but not limited to, any reasonably trustworthy information given to him by the alleged victim of the alleged incident of the offense or any witness of the alleged incident of the offense, concludes that there are reasonable grounds to believe that the offense of domestic violence * * * has been committed and reasonable cause to believe that the person in question is guilty of committing the offense."
Civil Conspiracy
 {¶ 18} The tort of civil conspiracy is "`a malicious combination of two or more persons to injure another in person or property in a way not competent for one alone, resulting in actual damages.'" Kenty v. Transamerica Premium Ins. Co.
(1995), 72 Ohio St.3d 415, 419, quoting LeFort v. Century21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 126. Additionally, "[a]n underlying unlawful act is required before a civil conspiracy claim can succeed." Williams v. Aetna Fin. Co.
(1998), 83 Ohio St.3d 464, 475.
Unauthenticated Police Incident Report
 {¶ 19} Wolford has argued that the police incident report attached to Appellees' motion for summary judgment was not appropriate evidence under Civ.R. 56 because it was not accompanied by a proper affidavit. We disagree.
 {¶ 20} Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. Lance Acceptance Corp. v. Claudio, 9th Dist. No. 02CA008201, 2003-Ohio-3503, at ¶ 15, citing Spier v.American Univ. of the Carribean (1981), 3 Ohio App.3d 28, 29. Those materials are affidavits, depositions, transcripts of hearings in the proceedings, written admissions, answers to interrogatories, written stipulations, and the pleadings. Civ.R. 56(C). "The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." Skidmore Assoc. Co. v. Southerland (1993),89 Ohio App.3d 177, 179. However, a plaintiff can move for summary judgment "without supporting affidavits." Civ.R. 56(A). "[Moreover,] if the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion." Christe v. GMS Mgt. Co., Inc. (1997),124 Ohio App.3d 84, 90, citing Skidmore,89 Ohio App.3d at 1791-80.
 {¶ 21} In the instant matter the police incident report, which does not fall into one of the categories of evidentiary materials listed in Civ.R. 56(C), was attached to Appellees' motion for summary judgment but was not incorporated by an affidavit. However, Wolford failed to object to the police incident report in the trial court. Therefore, he cannot raise this issue for the first time on appeal. See Szakal v. AkronRubber Dev., 9th Dist. No. 21496, 2003-Ohio-6820, at ¶ 6. Failure to object to an obvious issue at the trial court level constitutes a waiver of that issue, and therefore the issue need not be heard for the first time on appeal. Id. (Citation omitted). Accordingly, this Court will not review Wolford's argument that the trial court improperly considered the police incident report in its summary judgment determination. It follows that since the trial court reviewed the report, we must also review it in our de novo review of Appellees' motion for summary judgment. See Lekan, supra.
Discussion
 {¶ 22} Based on the elements of Wolford's claims, Appellees could obtain summary judgment by establishing probable cause for his arrest. Malicious prosecution and false arrest each require a lack of probable cause; civil conspiracy requires an underlying unlawful act. Accordingly, if probable cause is found, Wolford cannot succeed on his claims. Therefore, this Court reviews Appellees' motion for summary judgment for probable cause.
 {¶ 23} The police incident report, to which Wolford failed to object below, and therefore could be considered by the trial court and by this Court, provided a detailed account of the activities that resulted in Wolford's arrest for domestic violence. The report indicated that Officer Sanchez was dispatched to Wolford's home on a domestic violence complaint. Tina, the alleged victim's sister, called the police after a phone conversation with the alleged victim abruptly ended when Wolford twice told the alleged victim to get the "f____off" the phone and Tina heard the alleged victim say "get your hands off me." Officer Sanchez spoke with Lisa, the alleged victim, and she informed him that Wolford pushed her into a wall twice during the argument and that he put his arm around her neck in a choke hold. When asked about any injuries, Lisa told Officer Sanchez that she had a scratch on her neck from being pushed into the wall, but no injuries from the choke hold.
 {¶ 24} After reviewing Appellees' motion for summary judgment and the evidence presented, especially the police report, we find that Appellees had probable cause to arrest Wolford for domestic violence. Pursuant to R.C. 2919.25(A), "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Given Tina and Lisa's statements to Officer Sanchez, he had a reasonable ground of suspicion supported by sufficient evidence to believe that Wolford committed domestic violence. SeeMayes, supra; R.C. 2935.03(B)(3)(a)(ii). After examining the facts and circumstances known or reasonably within contemplation of Appellees when they instituted the complaint and what a reasonable person would have believed, we find that that reasonable minds can come to only one conclusion, that probable cause existed to arrest Wolford. See Nahra, supra. Once Appellees met their burden of establishing probable cause, the summary judgment burden shifted to Wolford to demonstrate that some genuine issue of material fact remained or that Appellees were not entitled to summary judgment as a matter of law.
 {¶ 25} As previously discussed, Wolford failed to respond to Appellees' motion for summary judgment. Accordingly, he did not present any argument in opposition to the motion or any evidence to demonstrate a genuine dispute over material facts as required by Civ.R. 56(E). Therefore, Wolford failed to meet his burden under Civ.R. 56.
 {¶ 26} Based on the foregoing and viewing the evidence in a light most favorable to Wolford, the non-moving party, we find that no genuine issues of material fact remain, that Appellees were entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, which is adverse to Wolford. Appellees' motion for summary judgment established probable cause for Wolford's arrest which defeated his claims of malicious prosecution and false arrest and resulted in no underlying unlawful act on which to base his civil conspiracy claim. Accordingly, we find that the trial court did not err in granting Appellees' motion for summary judgment. Wolford's first, fourth, and fifth assignments of error lack merit.
 Assignment of Error Number Two
"SUMMARY JUDGMENT FOR THE CITY OF LORAIN WAS NOT [PROPER] AS THE CITY IS NOT IMMUNE FROM LIABILITY TO [WOLFORD] UNDER CHAPTER 2744 OF THE [O.R.C.]."
 Assignment of Error Number Three
"DEFENDANT'S RIVERA AND SANCHEZ WERE NOT ENTITLED TO SUMMARY JUDGMENT ON THE GROUNDS OF IMMUNITY."
 {¶ 27} In his second and third assignments of error, Wolford has argued that neither the city of Lorain nor its police officers were immune from his lawsuit. Specifically, Wolford has argued that the behavior in the instant matter falls into the exception to immunity under R.C. 2744.02(B)(4) and that Appellees offered no evidence to contradict his complaint that the officers actions were outside the scope of their employment and with malicious purpose. We disagree.
 {¶ 28} R.C. Chapter 2744, which addresses political subdivision tort liability, requires a three-tiered analysis to determine whether a political subdivision is immune from civil liability. Hubbard v. Canton City School Bd. of Edn.,97 Ohio St.3d 451, 2002-Ohio-6718, at ¶ 10. The first tier involves determining whether a political subdivision is involved. Id. It is undisputed that the City of Lorain is a political subdivision; accordingly, we move to the second tier of the analysis.
 {¶ 29} R.C. 2744.02(A)(1) provides that political subdivisions are generally not liable in damages. Greene Cty.Agricultural Soc. v. Liming (2000), 89 Ohio St.3d 551, 556-557. Specifically, "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C.2744.02(A)(1). Immunity, however, is not absolute.
 {¶ 30} R.C. 2744.02(B) lists the exceptions to immunity and provides the second tier in the immunity analysis. If any of the listed exceptions apply, the third tier of the analysis becomes relevant and a consideration of the application of R.C. 2744.03
is required. Liming, 89 Ohio St.3d at 557. Wolford has argued that R.C. 2744.02(B)(4) applies and therefore the City of Lorain is not immune from liability. R.C. 2744.02(B)(4) provides:
"political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility[.]"
The City of Lorain has responded that Wolford has failed to establish an exception to its immunity. We agree.
 {¶ 31} Initially, we find that Wolford's reliance on R.C.2744.02(B)(4) is misplaced. In fact, we find said reliance to be frivolous on its face. Assuming arguendo, however, that Wolford's exceedingly strained interpretation of the exception is plausible, we find that Wolford has failed to produce evidence to support the exception to the city's immunity. Wolford failed to present any evidence of any negligent acts by the city or its employees, specifically Officers Rivera and Sanchez. As previously discussed, Wolford's arrest was based on probable cause; therefore, the arrest and the subsequent criminal proceedings were not the result of negligence. The record clearly shows that Wolford failed to respond to Appellees' motion for summary judgment on immunity grounds and failed to meet his burden of establishing an exception to the immunity awarded under R.C. 2744.02. As no exception to immunity has been established, this Court need not proceed to the third tier of the analysis. We conclude that the City of Lorain was entitled to summary judgment on immunity grounds.
 {¶ 32} Wolford has separately argued that Officers Rivera and Sanchez are not immune from suit because the officers' actions were outside the scope of their employment and with malicious purpose. The officers have responded that they are immune pursuant to R.C. 2744.03(A)(6) because Wolford's arrest was based on probable cause and he failed to establish malice, bad faith, or reckless behavior. We agree.
 {¶ 33} Pursuant to R.C. 2744.03(A)(6):
"[an] employee [of a political subdivision] is immune from liability unless one of the following applies: (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code."
Wolford argued in his complaint and on appeal that Officers Rivera and Sanchez acted outside the scope of their employment when he was arrested and that they acted with malicious purpose. The officers argued in their answer, motion for summary judgment, and on appeal that Officer Rivera was not involved in the arrest and that Officer Sanchez's arrest of Wolford was proper and without malicious purpose. In order to defeat Appellees' motion for summary judgment on the officers' immunity, Wolford needed to show some genuine issue of material fact as to whether the officers acted outside the scope of their employment or with malicious purpose. We find that Wolford has failed to meet his burden.
 {¶ 34} The police incident report attached to Appellees' motion for summary judgment establishes that Officer Sanchez was working in his official capacity as a City of Lorain police officer when he responded to the domestic violence call that resulted in Wolford's arrest.[1] The record shows that Wolford failed to submit any evidence to the contrary or in support of his burden under Civ.R. 56(E). Accordingly, we find that Appellees acted within the scope of their employment when Wolford was arrested.
 {¶ 35} Wolford has also failed to establish the malicious purpose exception under R.C. 2744.03(A)(6)(b). Malice can be inferred from proof of lack of probable cause. Lorenzo v.Akron, 9th Dist. No. 21085, 2002-Ohio-7318, at ¶ 17. "It follows that the opposite is also true." Id. In this case, we previously found that Appellees had probable cause to arrest Wolford for domestic violence; therefore, there is no lack of probable cause from which the element of malice may be inferred.
 {¶ 36} After reviewing the record, we find that Wolford has failed to present evidence creating a genuine factual dispute that Appellees acted with malice or outside the scope of their employment. He did not produce evidence as required under Civ.R. 56(E) to meet his burden and defeat Appellees' motion for summary judgment. Absent such evidence, the trial court properly granted summary judgment for Appellees. See Id. Wolford's second and third assignments of error lack merit.
 Assignment of Error Number Six
"THE TRIAL COURT ABUSED ITS DISCRETION BY SUB SILENTIO
DENYING [WOLFORD] ADDITIONAL TIME FOR DISCOVERY AND TO RESPOND IN OPPOSITION TO [APPELLEES'] MOTION FOR SUMMARY JUDGMENT. FURTHER IT ABUSED ITS DISCRETION BY DOING ANYTHING OTHER THAN DENYING THE MOTION IN LIGHT OF [APPELLEES'] FAILURE TO COOPERATE IN DISCOVERY."
 {¶ 37} In his sixth assignment of error, Wolford has argued that the trial court abused its discretion in denying his request for an extension to conduct discovery and respond to Appellees' motion for summary judgment. Specifically, Wolford has argued that the trial court should have granted his extension because he provided evidence of Appellees' behavior which resulted in his inability to conduct discovery in a timely manner. We disagree.
 {¶ 38} "[A]bsent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues."State ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467,469. An abuse of discretion is more than a mere error in law or judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. Id.
 {¶ 39} A review of the record shows that Wolford's first complaint against Appellees was voluntarily dismissed and he filed a second complaint on January 8, 2003. After receiving Appellees' motion for summary judgment, Wolford filed a motion to dismiss Appellees' motion or in the alternative an extension to respond to said motion. On March 20, 2003, the trial court granted Wolford an additional 90 days for discovery; accordingly, Wolford's response was due on June 18, 2003. On June 19, 2003, a day after his response was due, Wolford requested an additional 60 days to respond to Appellees' motion. On August 5, 2003, the trial court ordered that Wolford's response was due on or before September 10, 2003 and that no further extensions would be granted. On September 11, 2003, Wolford filed another motion for an extension of 60 days and claimed that Appellees were uncooperative and obstructionist; pursuant to his request, Wolford anticipated having the response filed by November 10, 2003. On March 8, 2004, Wolford had still not responded to Appellees' motion and Appellees filed a second request for ruling on their motion. Wolford responded by requesting another extension. On February 8, 2005, the trial court granted Appellees' unopposed motion for summary judgment.
 {¶ 40} It is clear to this Court that the trial court was generous in granting Wolford's numerous requests for extensions and that Wolford repeatedly failed to abide by the deadlines. In fact, he failed to meet the deadlines he requested in his own motions. From the time the motion was filed until the date set by the trial court as the final response deadline, Wolford had over seven months to file a response to Appellees' motion. We are not persuaded by Wolford's claims that Appellees' behavior led to his missing deadlines and failing to file a response; the record shows that Wolford's allegations of uncooperativeness only surfaced after he had missed the filing deadlines.
 {¶ 41} We find that the trial court did not abuse its discretion in denying Wolford's request for an extension to conduct discovery. Rather, the record shows that the trial court awarded Wolford ample opportunity to respond to Appellees' motion. The trial court's August 5, 2003 journal entry clearly stated that Wolford's response was due September 10, 2003 and Wolford failed to meet that deadline. The trial court did not abuse its discretion when it failed to specifically rule on Wolford's subsequent extension requests as motions not ruled upon are deemed denied and the motions were clearly denied upon the entry of summary judgment for Appellees. Moreover, the trial court's ruling on Appellees' motion for summary judgment without granting Wolford more extensions was not a perversity of will, passion, prejudice, partiality, or moral delinquency. Accordingly, Wolford's sixth assignment of error lacks merit.
 III {¶ 42} Wolford's six assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Moore, J., concur.
[1] We note that the record is void of any evidence that Officer Rivera was even involved in Wolford's arrest.