Whitmore, Judge.
{¶ 1} Plaintiff-appellant, Debra Wagner, appeals from the judgment of the Lorain County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, Community Regional Medical Center (“Community Regional”) and Allen Community Hospital (“Allen Community”) (collectively, “defendants”). This court affirms.
I
{¶ 2} Wagner worked at Allen Community as a critical-care agency nurse, a temporary position, for approximately ten months before she decided to apply for a full-time position with Community Regional, Allen Community’s owner. Wagner indicated on her employment application that she was not currently taking any medications. In fact, Wagner was taking prescription methadone as part of a *591 treatment program for her chemical dependency. According to Wagner, she told several individuals at Allen Community about her drug addiction during the interview process, but did not disclose her methadone use on her application. Wagner also falsely completed the section of her employment application that inquired about any prior convictions. Specifically, she indicated that she did not have any prior convictions when, in fact, she did.
{¶ 3} Community Regional extended Wagner an offer of employment, and Wagner began working there as an intensive-care nurse on August 27, 2008. As a condition of her employment, Wagner completed a drug screen. Community Regional did not receive the results of the screen for a longer period of time than usual, a situation that generally arises when a screen returns a positive result, and a medical review officer has to verify any prescriptions. When Community Regional asked Wagner about the delay, Wagner disclosed that she was taking prescription medication. After her September 10, 2008 shift, Community Regional terminated Wagner because she had been untruthful on her employment application.
{¶ 4} On July 8, 2009, Wagner brought suit against defendants for wrongful termination, intentional infliction of emotional distress, and breach of confidentiality. On March 12, 2010, defendants filed a motion for summary judgment. Wagner filed a memorandum in opposition, and defendants filed a reply. On April 16, 2010, the trial court granted summary judgment in defendants’ favor.
{¶ 5} Wagner now appeals from the trial court’s judgment and raises one assignment of error for our review.
II
Assignment of Error
Summary judgment was improper in this case, as there remains a genuine issue of material fact as to the reason for appellant’s termination^]
{¶ 6} In her sole assignment of error, Wagner argues that the trial court erred by granting summary judgment in favor of defendants. Specifically, she argues that a genuine issue of material fact remains as to whether she was wrongfully terminated due to disability discrimination. We disagree.
{¶ 7} This court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.
*592 {¶ 8} Pursuant to Civ.R. 56(C), summary judgment is proper if “(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.” Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.
{¶ 9} This court previously has stated the following:
One who claims employment discrimination on the basis of disability in violation of R.C. 4112.02(A) must show (1) that the plaintiff meets the definition of a disabled person under R.C. 4112.01(A)(13); (2) that the plaintiff can safely and substantially perform the essential functions of the job; and (3) that the discriminatory action was taken at least in part because of the plaintiffs disability. * * * When a prima facie showing of disability discrimination or retaliation is made, the burden shifts to the employer to show a nondiscriminatory reason for the action. If the employer makes this showing, the burden shifts back to the employee to show that the nondiscriminatory reason was a mere pretext.
(Citations omitted.) Proctor v. Ohio Civ. Rights Comm., 169 Ohio App.3d 527, 2006-Ohio-6007, 863 N.E.2d 1069, at ¶ 9.
Here, the trial court granted summary judgment in defendants’ favor because Wagner failed to establish a prima facie showing of disability. Specifically, it determined that Wagner did not show that defendants took “discriminatory action [against her] at least in part because of [her] disability.” Id.
{¶ 10} Initially, we note that both parties relied upon non-Civ.R. 56(C) materials in their summary-judgment filings. See Civ.R. 56(C) (providing an exhaustive list of materials upon which a party may rely in moving for or opposing an award of summary judgment). Neither party objected to the introduction of this evidence. Accordingly, the trial court had the discretion to consider all the evidence that the parties submitted in their filings. Wolford v. *593 Sanchez, 9th Dist. No. 05CA008674, 2005-Ohio-6992, 2005 WL 3556681, at ¶ 20, quoting Christe v. GMS Mgt. Co., Inc. (1997), 124 Ohio App.3d 84, 90, 705 N.E.2d 691 (“[I]f the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion”).
{¶ 11} In support of their motion for summary judgment, defendants primarily relied upon (1) Wagner’s employment application, which included a medical history form and (2) Wagner’s deposition. Wagner had checked the box marked “Yes” on the portion of the medical history form asking: “Have you ever been treated for alcoholism or a drug habit?” In the space asking her to list any medication she was currently taking, however, Wagner indicated that she was not taking any medications. Wagner signed the bottom of the form, which contained the following certification: “I certify that the above statements are true and correctly recorded!?]” Wagner admitted in her deposition that she did not truthfully complete the medical-history portion of her employment application.
{¶ 12} Wagner testified in her deposition that defendants told her that the reason for her termination was that she had falsified her medical history. Further, Wagner was unable to point to any facts to demonstrate that defendants had actually fired her based on her disability. The relevant portion of Wagner’s deposition reads as follows:
Q. * * * So what facts do you have to establish any part of the hospital’s decision to terminate you was based on your alleged disability for chemical dependency?
A. What else did they fire me for? They fired me over not disclosing to [Human Resources] the medication that I was on.
Q. That’s correct?
A. Right.
Q. But do you have any facts other than that to demonstrate your termination was due in part to your disability?
A. No. All I have is being terminated for not disclosing my medication.
Q. Okay. And did anyone from the hospital specifically tell you you were being terminated because of your disability or methadone use?
A. No.
Q. So did anyone from the hospital say anything to you that led you to believe the hospital was firing you because of your disability or methadone use?
A. No. * * *
* * *
Q. Do you have any facts to establish the hospital’s reason for terminating you for falsification of your medical history was not the real reason for your termination?
*594 A. No, that’s what they said. They said I was terminated for not disclosing that medication.
Accordingly, Wagner admitted that she could not point to any evidence that defendants had terminated her for any reason other than the reason they gave: that she had falsified her medical history. The preemployment statement that Wagner signed as part of her application form also contained the following certification:
I certify that all information I have provided on this application * * * is true, accurate, and complete to the best of my knowledge and belief. I understand that falsification, misrepresentation, or omission of any information on my application * * * will be justification for withdrawing any offer of employment or, if employed, termination from employment, regardless of when the falsification, misrepresentation or omission is discovered[.]
Thus, Wagner was on notice that any falsification, misrepresentation, or omission on her part was a terminable offense.
{¶ 13} In her memorandum in opposition to summary judgment, Wagner relied upon her own affidavit and a series of e-mails between an employee health manager and the director of in-patient nursing at Allen Community. In the email exchange dated September 5, 2008, the employee health manager wrote the following:
I discovered [Wagner’s] drug screen was not back from 8-22-08 yet. I knew based on * * * my experience in post offer physicals that this indicated the drug screen was being medically reviewed (MRO), which also meant that she was taking a drug of some kind.
In MRO of a [drug screen] the reviewing physician determined whether the drug found on the [drug screen] is legally prescribed or not. If it is then the drug screen is reported out as a negative. Which hers has been.
The issue with this individual is that on the medical history she filled out post offer in this office she indicated she was taking no medications and signed her name to the statement^] “I certify that the above statements are true and correctly recorded[.]”
Now due to the MRO of the [drug screen] we know that she was on medication at the time of the physical. Therefore she falsified her medical history form.
The employee health manager further wrote: “It is [Human Resources’] recommendation that we proceed with termination based on the fact that she falsified the medical history.”
{¶ 14} Wagner relies upon the e-mails from the employee health manager to argue that “[o]nce [Defendants] discovered that [she] was using methadone, [she] *595 was terminated.” The e-mails, however, do not support that assertion. Wagner’s termination was not based on the type of prescription medication she was taking. Rather, it was based on Wagner’s false, sworn statement that she was not taking any prescription medication. Wagner admitted that she had falsified the medical history portion of her employment application and that no one had authorized her to record the false response that she did. She testified in her deposition that she had evaded questions about her disability and criminal history on applications because “if [she] could get to just interview with somebody, [she] thought [she] could explain [herself] and maybe get hired.”
{¶ 15} Based on the foregoing, we cannot conclude that the trial court erred by finding that defendants were entitled to summary judgment. Wagner failed to establish a prima facie case of disability discrimination. See Proctor, 169 Ohio App.3d 527, 2006-Ohio-6007, 863 N.E.2d 1069, at ¶ 9 (requiring plaintiff to establish that discriminatory action was taken at least in part because of the plaintiffs disability). See also Aloi v. Ravenna Aluminum Indus. (May 23, 1997), 11th Dist. No. 96-P-0205, 1997 WL 286130, at *3-5 (concluding that plaintiff failed to prove discrimination where employer had terminated plaintiff for falsifying a portion of his employment application). The record supports the conclusion that defendants terminated Wagner because she had falsified her medical history. Wagner’s own exhibit indicates that defendants eventually received a negative drug-screen result for Wagner. Wagner fails to point to any evidence that defendants knew her prescription was for methadone, the link to her chemical-dependency disability. See R.C. 4112.01(A)(16)(a)(iii) (including drug addiction as a mental impairment for purposes of disability). Defendants terminated Wagner because she “was taking a drug of some kind,” a fact that she falsified on her medical history form before signing a sworn statement that her answers were true. Wagner has not pointed to any evidence that she was terminated, at least in part, based on her disability. Even viewing the evidence in a light most favorable to Wagner, see Temple, 50 Ohio St.2d at 327, 4 O.O.3d 466, 364 N.E.2d 267, her argument that the trial court erred by awarding defendants summary judgment on her wrongful-termination claim lacks merit. Wagner’s sole assignment of error is overruled.
Ill
{¶ 16} Wagner’s sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Moore, J., concurs.
Belfance, P.J., dissents.