IN RE DISQUALIFICATION OF STORMER.

IN RE ADOPTION OF S.G.P.

[Cite as *In re Disqualification of Stormer*, 2025-Ohio-2717.]

*Judges—Affidavits of disqualification—R.C. 2101.39 and 2701.03—Affiant failed to demonstrate that any matter is pending before judge in underlying case—Affidavit dismissed.*

(No. 25-AP-101—Decided July 31, 2025.)

ON AFFIDAVIT OF DISQUALIFICATION in Summit County Court of Common Pleas, Probate Division, Case No. 2021 AD 00121.

————————

**KENNEDY, C.J.**

{¶ 1} Kostantinos Pamboukis, the father in the underlying probate-court case, has filed a fourth successive affidavit of disqualification under R.C. 2101.39 and 2701.03 seeking to disqualify Judge Elinore Marsh Stormer of the Summit County Court of Common Pleas, Probate Division. Judge Stormer was not asked to file a response.

{¶ 2} The original affidavit of disqualification was filed on April 9, 2025, in Supreme Court case No. 25-AP-044 and was denied on April 28. The second affidavit of disqualification was filed on May 5 in Supreme Court case No. 25-AP-057 and was denied on May 8. The third affidavit of disqualification was filed on June 2 in Supreme Court case No. 25-AP-072 and was dismissed on June 3 because there was no evidence that a case was pending before Judge Stormer.

{¶ 3} For the reasons explained below, this affidavit of disqualification is dismissed.

{¶ 4} Pamboukis argues that the chief justice has failed to rule on his allegations because of a "technicality that stemmed from the notary." Pamboukis

asserts: "This disqualification has not been heard on its merits yet and [there] is new evidence to this court still at this time. I simply am resubmitting it with proper notary at the very next chance I got to do so. I hope this satisfies the court and will be accepted."

{¶ 5} Prior to addressing Pamboukis's allegations against Judge Stormer, there is a preliminary matter: whether Pamboukis's allegations are properly before the chief justice. The answer to this question is no.

{¶ 6} R.C. 2101.39 provides, "If a probate judge allegedly has a bias or prejudice for or against a party or a party's counsel *in a proceeding pending before the judge*, allegedly otherwise is interested *in a proceeding pending before the judge*, or allegedly is disqualified to preside *in the proceeding*," any party to the proceeding or the party's counsel may file an affidavit of disqualification. (Emphasis added.)

{¶ 7} Under the plain and unambiguous language of R.C. 2101.39, a party to a case or that party's counsel may file an affidavit of disqualification only if there is a matter pending before the judge against whom the affidavit of disqualification has been filed. *In re Disqualification of Hejmanowski and Chamberlain*, 2024-Ohio-4477, ¶ 13. It is well established that "the chief justice's authority to consider the disqualification of judges extends only to those matters in which a proceeding is pending before the judge." *Id.* "'The chief justice cannot rule on an affidavit of disqualification when . . . nothing is pending before the . . . court.'" (Ellipses in original.) *In re Disqualification of Wollscheid*, 2024-Ohio-6176, ¶ 31, quoting *In re Disqualification of Hayes*, 2012-Ohio-6306, ¶ 6.

{¶ 8} It follows that to invoke the chief justice's authority to disqualify a judge, the affiant must affirmatively demonstrate through testimony or other evidence that there is a matter currently pending before the judge. Any affidavit of disqualification that fails to make this showing will be dismissed.

{¶ 9} Pamboukis has not affirmatively established that any matter is pending before Judge Stormer. He was made aware of the requirement to prove that a case is currently before the judge when the third affidavit of disqualification was dismissed for lack of a pending case. In that decision, *see* Supreme Court case No. 25-AP-072, at 3 (June 3, 2025), the chief justice noted that a final judgment had been entered in the underlying case. And in his fourth affidavit of disqualification, Pamboukis now avers that Judge Stormer has dismissed his Civ.R. 60(B) motions to vacate that judgment. Lastly, any motions that Judge Stormer has not explicitly ruled on are deemed denied by the entry of final judgment. *See Wolford v. Sanchez*, 2005-Ohio-6992, ¶ 41 (9th Dist.).

{¶ 10} Therefore, because Pamboukis has not demonstrated that there is any matter pending before Judge Stormer, the fourth affidavit of disqualification is dismissed.

---