[Cite as *Del Rosario v. Fresh Mark, Inc.*, 2026-Ohio-274.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ROLANDO DEL ROSARIO | Case No. 2025-CA-00076 |
| Plaintiff - Appellant | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 2024CV01970 |
| FRESH MARK INC., ET AL. | Judgment: Affirmed |
| Defendant – Appellee | Date of Judgment Entry: January 29, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Kevin W. Popham, Appellate Judges

**APPEARANCES:** COREY J. KUZMA, for Plaintiff-Appellant; MARIANNE BARSOUM STOCKETT, for Defendant-Appellee; CHRISTOPHER A. GRAY, for Bureau of Workers' Compensation.

*King, P.J.*

{¶ 1} Plaintiff-Appellant, Rolando Del Rosario, appeals the June 13, 2025 judgment entry of the Stark County Court of Common Pleas granting summary judgment to Defendant-Appellee, Fresh Mark, Inc. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 19, 2024, Del Rosario was working for Fresh Mark as a Vacuum Packaging Line Associate when he was injured at work at approximately 8:00 p.m. He alleged his work glove got caught under a conveyor belt in the packaging area. He was immediately transported to the Aultman Hospital Emergency Room for treatment. A drug screen was performed at 10:22 pm; he tested positive for a high concentration of marijuana.

{¶ 3}   On March 25, 2024, Del Rosario filed a claim for workers' compensation (Claim No. 24-124729).  He sought compensation for "distal phalanx fracture left fifth digit, partial amputation left fifth digit, laceration of tissue of fourth and third left digits and partial amputation of the puncture wound left digit and palm."  October 17, 2024 Complaint at ¶ 10.  Fresh Mark, as a self-insured employer, denied the claim.

{¶ 4}   Hearings were held before the Industrial Commission of Ohio.  Both the district hearing officer and the staff hearing officer denied Del Rosario's claim in decisions dated May 20, 2024, and July 31, 2024, respectively.  In denying Del Rosario's claim, the hearing officers relied on the expert report of Certified Medical Review Officer Paul T. Hogya, MD, FACEP, who opined Del Rosario was impaired at the time of the accident and the impairment was the proximate cause of the injuries.  A third appeal to the Industrial Commission was refused on August 21, 2024.

{¶ 5}   On October 17, 2024, Del Rosario filed an appeal with the Stark County Court of Common Pleas.  On May 6, 2025, Fresh Mark filed a motion for summary judgment, arguing Del Rosario was not entitled to receive workers' compensation benefits because he was under the influence of a controlled substance not prescribed by a physician (marijuana), and the use was the proximate cause of the accident.  By judgment entry filed June 13, 2025, the trial court granted the motion.

{¶ 6}   Del Rosario filed an appeal with the following assignment of error:

I

{¶ 7}   "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE DEFENDANT, AS THE CHEMICAL TEST THAT ROLANDO DEL

ROSARIO WAS SUBJECTED TO WAS NOT A 'QUALIFYING CHEMICAL TEST' UNDER R.C. 4123.54(C)."

I

{¶ 8} In his sole assignment of error, Del Rosario claims the trial court erred in granting summary judgment to Fresh Mark. We disagree.

{¶ 9} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Regarding summary judgment, the Supreme Court stated the following in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 10} In *Leech v. Schumaker,* 2015-Ohio-4444, ¶ 13 (5th Dist.), this court explained the following:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the

opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 11} As an appellate court reviewing summary judgment motions, we stand in place of the trial court and review the issues de novo, under the same standards and evidence as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶ 12} Under R.C. 4123.54(A)(1) and (2), in effect at the time of Del Rosario's injury, every employee injured while in the course of employment "is entitled to receive the compensation for loss sustained on account of the injury" unless the injury is purposely self-inflicted or "[c]aused by the employee being intoxicated, under the influence of a controlled substance not prescribed by a physician, or under the influence of marihuana if being intoxicated, under the influence of a controlled substance not prescribed by a physician, or under the influence of marihuana was the proximate cause of the injury." The burden of proof is on the employer.

{¶ 13} Under subsection (B)(1)(b), there is a rebuttable presumption that an employee is "under the influence of a controlled substance not prescribed by the employee's physician, or under the influence of marihuana and that being intoxicated, under the influence of a controlled substance not prescribed by the employee's physician, or under the influence of marihuana is the proximate cause of an injury" if the employee, through "a qualifying chemical test" administered within thirty-two hours of an injury, is determined to have "a controlled substance not prescribed by the employee's physician or marihuana in the employee's system at a level equal to or in excess of the cutoff concentration level for the particular substance as provided in section 40.87 of Title 49 of

the Code of Federal Regulations, 49 C.F.R. 40.87, as amended." The burden of proof to overcome the rebuttal presumption is on the claimant.

{¶ 14} Del Rosario argues the chemical test that he was subjected to was not a "qualifying chemical test" under R.C. 4123.54(C) which states:

(1) For purposes of division (B) of this section, a chemical test is a qualifying chemical test if it is administered to an employee after an injury under at least one of the following conditions:

(a) When the employee's employer had reasonable cause to suspect that the employee may be intoxicated, under the influence of a controlled substance not prescribed by the employee's physician, or under the influence of marihuana;

(b) At the request of a police officer pursuant to section 4511.191 of the Revised Code, and not at the request of the employee's employer;

(c) At the request of a licensed physician who is not employed by the employee's employer, and not at the request of the employee's employer.

(2) As used in division (C)(1)(a) of this section, "reasonable cause" means, but is not limited to, evidence that an employee is or was using alcohol, a controlled substance, or marihuana drawn from specific, objective facts and reasonable inferences drawn from these facts in light of experience and training. These facts and inferences may be based on, but are not limited to, any of the following:

(a) Observable phenomena, such as direct observation of use, possession, or distribution of alcohol, a controlled substance, or marihuana, or of the physical symptoms of being under the influence of alcohol, a controlled substance, or marihuana, such as but not limited to slurred speech; dilated pupils; odor of alcohol, a controlled substance, or marihuana; changes in affect; or dynamic mood swings;

(b) A pattern of abnormal conduct, erratic or aberrant behavior, or deteriorating work performance such as frequent absenteeism, excessive tardiness, or recurrent accidents, that appears to be related to the use of alcohol, a controlled substance, or marihuana, and does not appear to be attributable to other factors;

(c) The identification of an employee as the focus of a criminal investigation into unauthorized possession, use, or trafficking of a controlled substance or marihuana;

(d) A report of use of alcohol, a controlled substance, or marihuana provided by a reliable and credible source;

(e) Repeated or flagrant violations of the safety or work rules of the employee's employer, that are determined by the employee's supervisor to pose a substantial risk of physical injury or property damage and that appear to be related to the use of alcohol, a controlled substance, or marihuana and that do not appear attributable to other factors.

{¶ 15} Del Rosario argues his drug test was not a "qualifying chemical test" under the statute because Fresh Mark did not have any "reasonable cause" for the test. He argues there was no reasonable cause to suspect that he was under the influence of anything and there was no evidence that he had acted in an erratic manner. Appellant's Brief at 6. He further argues he was subjected to drug testing because of his calm demeanor which he exhibited after being sedated because of his injuries. *Id.* Therefore, he argues his positive drug test "is irrelevant where there is no support for that test to be taken in the first place." *Id*.

{¶ 16} Fresh Mark argues a "qualifying chemical test" does not come into play because it never advanced a "rebuttable presumption" under R.C. 4123.54(B). Appellee's Brief at 8-9, 11. Although the Staff Hearing Officer noted in his decision that Fresh Mark "also argued that this claim should be denied under R.C. 4123.54(B)(1)(b)," he affirmed the denial of the claim under R.C. 4123.54(A)(2). *See* July 31, 2024 Decision, attached to Defendant's Motion for Summary Judgment as Exhibit G. In its motion for summary judgment, Fresh Mark did not argue a rebuttable presumption under subsection (B) and instead relied on subsection (A)(2). The trial court noted Fresh Mark did not argue a rebuttable presumption and it did not render a decision under subsection (B). June 13, 2025 Judgment Entry at fn. 2. In granting the motion for summary judgment, the trial court found: "Since the unrefuted evidence provided demonstrates that Plaintiff was under the influence of marijuana to the extent that the impairment would be medically considered to be the proximate cause of his injury in this case, the Court finds that Plaintiff is not entitled to receive compensation pursuant to R.C. 4123.54(A)(2)." *Id.* at 6. We find

because Fresh Mark did not pursue a rebuttable presumption under subsection (B), Del Rosario's arguments related to a qualifying chemical test are irrelevant.

{¶ 17} By not invoking the rebuttal presumption under subsection (B), Fresh Mark had the burden of proof to prove impairment and proximate cause under subsection (A)(2). As cited above, under subsection (A)(2), Del Rosario was not entitled to compensation for his injuries caused by him being under the influence of a controlled substance not prescribed by a physician or under the influence of marihuana if being under the influence was the proximate cause of the injury.

{¶ 18} R.C. 4123.54(D) states: "Nothing in this section shall be construed to affect the rights of an employer to test employees for alcohol or controlled substance abuse." Del Rosario's drug test was completed two hours after the accident for the reason "[a]ccident or [u]nsafe practice." *See* Drug Screen Results Letter, signed and dated by Medical Review Officer Michael J. Marvin, M.D., attached to Defendant's Motion for Summary Judgment as Exhibit B. The test was "obtained in a timely fashion" using "a powerful analytic technique." *See* Report of Paul T. Hogya, MD, FACEP, attached to Defendant's Motion for Summary Judgment as Exhibit E.

{¶ 19} Del Rosario's drug test came back positive for "GC/MS Marijuana Metabolite Positive 719 ng/mL Cutoff Value 15 ng/mL" which is 48 times the confirmation cutoff level of 15 ng/mL. *See* Drug Screen Results Letter. There was no evidence of Del Rosario having a prescription for marijuana use. Therefore, at the time of his injury, Del Rosario was under the influence of marijuana that was not prescribed by a physician. The record supports the first part of R.C. 4123.54(A)(2).

{¶ 20} The second part of R.C. 4123.54(A)(2) is proximate cause. Fresh Mark submitted the report of its expert, the aforementioned Dr. Hogya. *See* Report, attached to Defendant's Motion for Summary Judgment as Exhibit E. Dr. Hogya noted Del Rosario's post-accident drug test was "**POSITIVE for Marijuana Metabolites (THC) at a VERY HIGH level**" and there was no valid prescription for any THC products. (Emphasis in original.) He explained the results as follows:

It must be emphasized that from a medical standpoint, such use of marijuana is associated with impairment both on an acute and chronic basis. Many individuals and healthcare providers unfamiliar with the scientific medical literature fail to understand the chronic impairing effects of marijuana/THC. The use of such is associated with significant adverse effects on judgment, concentration, cognitive function, motor coordination, reaction time, and reflex responses to the point that it does result in impairment leading to incidents and/or accidents.

{¶ 21} Dr. Hogya then discussed the effects of cannabis use on brain function for some five pages and opined the following as to proximate cause:

The drug screen sample was obtained in a timely fashion after the alleged industrial incident. Based on the objective confirmation of marijuana metabolites (THC) in this post-accident urine drug screen certified by the MRO at **48 times the confirmation value of 15 ng/ml with advanced**

**Liquid Chromatography with tandem mass spectrometry (LC-MS-MS) which is a powerful analytical technique that combines the separating power of liquid chromatography with the highly sensitive and selective mass analysis capability of triple quadruple mass spectrometry,** the scientific medical literature would reasonably support and it is my reasoned medical opinion that Mr. Del Rosario was considered to be impaired with respect to judgment, concentration, cognitive function, motor coordination, reaction time and reflex responses to the point that this impairment would be medically considered to be the proximate cause of the alleged industrial accident in this case. (Emphasis in original.)

. . .

When medically considering the factors and information available regarding this alleged claim and the alleged mechanism of injury, and what we know of the residual effects of Marijuana/THC as described, it is medically reasonable to conclude that the documentation of marijuana as well over the standard cutoff level still present in the claimant's system would be considered to be impairing and the proximate cause of the alleged industrial claim in this case, when considering a standard of reasonable medical probability.

{¶ 22} The record supports the second part of R.C. 4123.54(A)(2).

{¶ 23} In his response to the summary judgment motion, Del Rosario challenged his drug test results, arguing he had been administered medications, including opioids,

after arriving at the hospital and before taking the test and the drug interactions could have affected his results. But Del Rosario did not present any evidence to refute the test results or Dr. Hogya's expert opinion; as noted by the trial court, he did not meet his reciprocal burden under Civ.R. 56. Del Rosario argued he should be afforded the opportunity to present an expert to refute Dr. Hogya's opinion, but at the time of the filing of his response to the summary judgment motion, Dr. Hogya's opinion was known for over one year.

{¶ 24} After reviewing the undisputed evidence in a light most favorable to Del Rosario, we do not find any genuine issues of material fact to exist regarding his use of marijuana and that the use was the proximate cause of the accident, thus precluding his claim for workers' compensation benefits under R.C. 4123.54(A)(2). *See Szakal v. Akron Rubber Development,* 2003-Ohio-6820 (9th Dist.) (claimant's use of cocaine was the proximate cause of his workplace injury and therefore he was ineligible to receive compensation).

{¶ 25} Upon review, we find the trial court did not err in granting summary judgment to Fresh Mark.

{¶ 26} The sole assignment of error is denied.

{¶ 27} For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is AFFIRMED.

{¶ 28} Costs to Appellant.

By: King, P.J.

Hoffman, J. and

Popham, J. concur.