IN RE DISQUALIFICATION OF THE EIGHTH DISTRICT COURT OF APPEALS.

GRIMES *v.* OVIATT.

[2017-Ohio-2840.]

(No. 17–AP–014—Decided March 27, 2017.)

O'CONNOR, C.J.

{¶ 1} Appellants, Richard A. Oviatt and John J. Selwyn, have filed an affidavit with the clerk of this court under R.C. 2501.13 and 2701.03 seeking to disqualify the judges of the Eighth District Court of Appeals from deciding the above-captioned case.

{¶ 2} Appellants assert that for various reasons, all the Eighth District judges are biased against them and cannot fairly and impartially decide their appeal. Administrative Judge Kathleen Ann Keough has responded on behalf of her Eighth District colleagues, denying that any of the judges have bias toward Mr. Oviatt or Mr. Selwyn.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of the Eighth District judges.

{¶ 4} As an initial matter, appellants have waived their right to assert most of their bias allegations. An affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In*

*re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). Here, appellants filed their appeal in May 2016, and about two months later, they moved the Eighth District to transfer their case to another appellate district, citing an alleged conflict of interest. In August 2016, the Eighth District denied appellants' motion to transfer, explaining that the proper avenue to remove a judge is by filing an affidavit of disqualification under R.C. 2501.13. Appellants, however, waited until March 3, 2017—almost seven months later—to file their affidavit. By that time, a panel of the Eighth District had already heard oral argument in the case. Because nothing in the record justifies appellants' delay in filing their affidavit of disqualification, they have waived the right to disqualify the Eighth District judges based on the allegations initially raised in their motion to transfer and later in their affidavit of disqualification.

{¶ 5} Alternatively, even if appellants had timely filed their affidavit, they have not set forth sufficient grounds for disqualifying the entire Eighth District bench. Appellants claim that three Eighth District judges first demonstrated bias by ruling against them in a November 2014 opinion deciding a related case. However, it is well established that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14.

{¶ 6} Appellants next claim that all the Eighth District judges are biased against them because Mr. Oviatt filed a disciplinary complaint against the judges who issued the November 2014 opinion in the related case. But none of the judges who decided the prior case are presently assigned to the underlying appeal. And regardless, a judge is not automatically disqualified "solely because a party or counsel in a pending case has filed a grievance against the judge." *In re Disqualification of Krueger*, 74 Ohio St.3d 1267, 1268, 657 N.E.2d 1365 (1995). To hold otherwise would invite parties to file disciplinary grievances solely to obtain a judge's disqualification, which could lead to forum-shopping and hamper the orderly administration of judicial proceedings.

{¶ 7} Appellants also assert that all the Eighth District judges have a conflict of interest because in the underlying appeal, the court of appeals must decide whether the trial court properly refused to permit appellants to depose the three Eighth District judges who issued the November 2014 opinion in the related case. But again, the three judges who decided the prior appeal are not assigned to the underlying appeal. And appellants have not sufficiently demonstrated why deciding one of the legal issues in the underlying matter—i.e., whether appellate court judges may be deposed about the meaning or intent of their judicial decisions—creates a conflict of interest or an appearance of a conflict. On this record, no reasonable and objective observer would harbor serious doubts about the impartiality of the three judges presently assigned to this case. *See In re*

*Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (setting forth the proper test for disqualifying a judge based on an appearance of impropriety).

{¶ 8} Finally, appellants claim that the Eighth District showed its "hostile, retaliatory and predetermined position" when it sua sponte removed Mr. Oviatt as Mr. Selwyn's appellate counsel. According to the docket, the Eighth District removed Mr. Oviatt pursuant to an October 2015 trial court order disqualifying Mr. Oviatt as counsel in the case. Whether the Eighth District properly relied on the trial court's order is not an issue that can be reviewed or decided in an affidavit-of-disqualification proceeding. Rather, the issue here is narrow: whether the Eighth District judges have a bias, prejudice, or other disqualifying interest that mandates their disqualification from this appeal. Appellants have not proved that the Eighth District's decision to remove Mr. Oviatt as counsel was a product of bias against him or Mr. Selwyn.

{¶ 9} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case. Accordingly, the affidavit of disqualification is denied. The case may proceed before the three judges who were assigned on January 10, 2017, to decide this appeal.