O'Connor, C.J.
*1320 {¶ 1} Charles Tyler Sr., counsel for the defendant, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 and 2701.031 seeking to disqualify Judge Nicole Ann Walker from presiding over any further proceedings in the above-referenced case.
{¶ 2} Mr. Tyler claims that Judge Walker is biased against him because he sought her disqualification in an unrelated matter. As evidence of the judge's bias, Mr. Tyler points to her recent refusal to continue the trial in the underlying case despite Mr. Tyler's unavailability on the scheduled trial date.
{¶ 3} Judge Walker has responded in writing to the affidavit and denies any bias against Mr. Tyler. The judge explains her reasons for initially denying Mr. Tyler's request to reschedule the trial in the underlying matter, and she notes that prior to Mr. Tyler's filing his affidavit, the court nevertheless continued the matter.
{¶ 4} In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment *1321 on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " In re Disqualification of O'Neill , 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting State ex rel. Pratt v. Weygandt , 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Mr. Tyler has not established that Judge Walker has hostility toward him or a fixed judgment on any issue in the underlying case. It has long been settled that "[t]he granting of a continuance is within a judge's discretion and the denial of a continuance is not by itself evidence of bias or prejudice." In re Disqualification of Millard , 74 Ohio St.3d 1235, 657 N.E.2d 1343 (1992).
{¶ 5} Further, the mere fact that a litigant filed-or attempted to file-an affidavit of disqualification against a judge in a prior case does not automatically create an appearance of impropriety when that litigant later appears before the judge in another matter. See, e.g. , In re Disqualification of Eighth Dist. Court of Appeals , 150 Ohio St.3d 1253, 2017-Ohio-2840, 80 N.E.3d 498, ¶ 6, quoting In re Disqualification of Krueger , 74 Ohio St.3d 1267, 1268, 657 N.E.2d 1365 (1995) ("a judge is *491 not automatically disqualified 'solely because a party or counsel in a pending case has filed a grievance against the judge' "). Mr. Tyler has not presented any evidence, beyond speculation, that Judge Walker has lingering resentment toward him because he sought her removal in the prior case. "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." (Citation omitted.) In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this matter.
{¶ 6} The affidavit of disqualification is denied. The case may proceed before Judge Walker.