[Cite as *Cubbal v. Charek*, 2021-Ohio-1909.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

BRADLEY V. CUBBAL

    Appellant

    v.

BRITTANY CHAREK

    Appellee

C.A. Nos.     18CA0097-M
             20CA0038-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     10PA0147

DECISION AND JOURNAL ENTRY

Dated: June 7, 2021

SUTTON, Judge.

{¶1} Plaintiff-Appellant, Bradley Cubbal ("Father"), appeals the judgments of the Medina County Court of Common Pleas, Division of Domestic Relations. For the reasons that follow, this Court affirms.

I.

**The Parties**

{¶2} Father and Defendant-Appellee, Brittany Charek ("Mother"), are the biological parents of H.C.C., born June 13, 2009. Father and Mother were never married. The parties have engaged in extensive litigation regarding custody, parenting time, and child support.

**Parenting Time and Child Support History**

{¶3} In 2010, Father filed a Complaint to Establish Custody in the Medina County Court of Common Pleas, Division of Domestic Relations. The parties subsequently agreed to a shared parenting plan, which the domestic relations court journalized on March 15, 2011, wherein both

parties shared custody of H.C.C., Mother was designated the residential parent for school purposes, and Father had parenting time with H.C.C. every week from a specified time on Sunday until 4:00 p.m. on Wednesday. Father also agreed to pay monthly child support in the amount of $415.69, which included payment of an arrearage as well as current child support, as calculated, if Father provided health insurance for H.C.C. Although the parties continued to engage in litigation, which included filing numerous motions, attending mediations and hearings, a shared parenting plan was in place until April 20, 2015, when the domestic relations court terminated shared parenting and designated Mother as the sole residential parent and legal custodian of H.C.C.

{¶4} In the April 20, 2015 Judgment Entry, the trial court found a "change in circumstances" including, but not limited to, "[H.C.C.] meeting the goals of his IEP and reducing the number of services needed; [H.C.C.] finishing preschool and attending kindergarten; Father's pattern of poor choices and judgment on significant issues concerning [H.C.C.]; Father's increased anxiety and erratic behavior; and difficulty in the parties' communication abilities," and also found it was in H.C.C.'s best interest for Mother to be the sole custodial parent, and for Father to have specified parenting time with H.C.C. The trial court also ordered Father to pay $450.00 per month in child support, a downward deviation from the child support guideline worksheet.

{¶5} Litigation again ensued in 2017 when Father filed a motion to modify child support due to loss of his employment and Mother filed an emergency motion to suspend Father's parenting time based upon pending charges for an OVI and child endangerment while transporting H.C.C. Further, Mother alleged that, at the time of arrest, Father had synthetic drug residue on his clothing from Suboxone, a drug prescribed to assist individuals with detoxing from opiates. Based upon Mother's motion, the trial court ordered Father to exercise his parenting time with H.C.C. under supervision at the Medina County Supervised Parenting Time and Safe Exchange Center,

one day per week, not to exceed two hours, until an emergency hearing could be held on the matter. Over the course of that year, Father's supervised parenting time was periodically suspended due to apparent incidents of intoxication at the Medina County Supervised Parenting Time and Safe Exchange Center and Father's failure to have a negative drug test.

{¶6} A final hearing was held before a magistrate of the trial court on June 29, 2018, wherein Father, pro se, testified, Mother, represented by counsel, testified, and the court-appointed Guardian ad Litem testified. In a decision journalized on October 25, 2018, the magistrate modified Father's parenting time to be supervised at the Medina County Supervised Parenting Time and Safe Exchange Center, for a period not to exceed three hours every other week. Father was further ordered to pay $540.50 per month in child support and was no longer required to maintain secondary health insurance for H.C.C. The decision also indicated the parties entered into a Consent Domestic Violence Civil Protection Order which named Mother and H.C.C. as protected parties and remains in effect until April 23, 2023. That same day, the trial court adopted and affirmed the Magistrate's Decision as a Judgment of the court.

## Father's Objections to the Magistrate's Decision

{¶7} Father timely filed four sets of objections to the Magistrate's Decision. Importantly, Father did not file a transcript of the June 29, 2018 final hearing as required by Civ.R. 53(D)(3)(b)(iii). In the first set of objections, Father challenged the modification of his parenting time to "supervised" at the Medina County Supervised Parenting Time and Safe Exchange Center and asserted the magistrate: (1) failed to establish a specific parenting time or visitation schedule; (2) failed to provide periodic reviews to address the status of supervised visitation; (3) failed to provide the parties with the "rules" of the Medina County Supervised Parenting Time and Safe Exchange Center; and (4) effectively terminated Father's parental rights.

{¶8}  In the second set of objections, Father objected to the trial court's jurisdiction to enforce the Magistrate's Decision because: (1) "the handwritten Judge's signature does not match the typed Judge's signature underneath on the final page," and (2) "Cuyahoga County Juvenile Court has original continuing jurisdiction over * * * my parent-child relationship with [H.C.C.], as well as the allocation of parental rights and child support."

{¶9}  The third set of objections expressed issues with the magistrate's findings of fact and asserted "they are against the manifest weight of the evidence[.]" Specifically, Father claimed there was no evidence that: (1) Father lived in Lakewood, Ohio; (2) H.C.C.'s health and safety was ever at risk; and (3) Father's mental or physical health had any negative effect on H.C.C. Father also objected to the Guardian ad Litem's report and testimony.

{¶10}  Finally, in the fourth set of objections, Father questioned the child support order based upon no "specific provisions for regular, holiday, vacation, parenting time, and special visitation in accordance with [] R.C. 3119.08."

**The June 5, 2020 Judgment Entry**

{¶11}  After hearing testimony on Father's objections, the trial court, in a Judgment Entry dated June 5, 2020, overruled Father's objections, adopted the magistrate's findings of fact and conclusions of law, and held that the October 25, 2018 Judgment Entry shall remain in full force and effect. In so doing, the trial court stated:

> Although the [m]agistrate may have significantly curtailed, reduced and limited Father's parenting time, the [m]agistrate did not terminate Father's parental rights. Additionally, the [c]ourt notes that R.C. 3109.051(C)-(D) do not require the [c]ourt to provide periodic review hearings to address the status of regular, unsupervised parenting time; and, that the staff of the Medina County Supervised Parenting Time and Safe Exchange Center, not the [c]ourt, will provide the parties with the rules [] to be followed. If Father desires to expand his parenting time, Father may file a motion to modify. Likewise, if Father is desirous of an order that includes specific provisions for regular, holiday, vacation, parenting time, and special visitation--*e.g.*, an order that is not otherwise limited to three (3) hours of supervised parenting

time, every other week--Father may file a motion to modify. If/when Father files a motion to modify, the [c]ourt will then decide whether it is in the minor child's best interest to modify Father's parenting time.

The trial court also resolved Father's arguments regarding jurisdiction, assignment of the case to a visiting judge, and Father's objections to the magistrate's findings of fact and conclusions of law. Notably, the trial court indicated that: (1) Father failed to file the transcript of the June 29, 2018 Final Hearing, and, thus, Father cannot demonstrate error; (2) the domestic relations court exercised original jurisdiction and made a child custody determination in the journalized March 15, 2011 Agreed Judgment Entry; and (3) Judge David A. Basinski is a visiting judge in Medina County Court of Common Pleas, Division of Domestic Relations, appointed by the Supreme Court of Ohio "with full authority to hear and decide cases."

**The Appeals**

{¶12} Father timely appealed the October 25, 2018 Magistrate's Decision and Judgment Entry, which was stayed by this Court until the trial court ruled upon Father's objections to the Magistrate's Decision. Subsequent to filing his first Notice of Appeal, Father filed an Amendment to the Notice of Appeal to include the April 20, 2015 Magistrate's Decision and Judgment Entry terminating Shared Parenting, along with the trial court's subsequent rulings related to the April 20, 2015 Judgment Entry. Mother moved to dismiss the Amended Notice of Appeal as untimely, and this Court deferred its ruling on Mother's motion. However, because Father's argument as to the April 20, 2015 Judgment Entry appears to question the jurisdiction of the domestic relations court, we will address this argument below. Father also timely appealed the June 5, 2020 Judgment Entry.

## Jurisdiction of the Domestic Relations Court

{¶13}   As a preliminary matter, Father purports to raise an issue regarding the trial court's jurisdiction to preside over custodial and parenting time issues related to H.C.C.  A court's subject matter jurisdiction may be raised at any time, and this Court is required to address Father's argument.  *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, ¶ 45 ("[b]ecause subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time.").  Notably, after approximately 11 years of litigation, Father now challenges the jurisdiction of the trial court stating, "the record reveals that the trial court never made a finding or adjudication with respect to [Father's] complaint to determine custody of the minor child," and that Father "actually" brought his custody action in juvenile court, instead of domestic relations court.  We are not persuaded by Father's argument.

{¶14}   R.C. 2301.03(U) states, in relevant part:

> In Medina county, the judge of the court of common pleas whose term begins January 1, 1995, and successors, shall have the same qualifications, exercise the same powers and jurisdiction, and receive the same compensation as other judges of the court of common pleas of Medina county and shall be elected and designated as judge of the court of common pleas, division of domestic relations. *The judge shall be assigned all divorce, dissolution of marriage, legal separation, and annulment cases, all cases arising under Chapter 3111. of the Revised Code, all proceedings involving child support, the allocation of parental rights and responsibilities for the care of children and the designation for the children of a place of residence and legal custodian, parenting time, and visitation, and all post-decree proceedings and matters arising from those cases and proceedings, except in cases that for some special reason are assigned to another judge of the court of common pleas.* The judge shall be charged with the assignment and division of the work of the division and with the employment and supervision of the personnel of the division.

(Emphasis added.)  Further, R.C. 3127.16 states:

> Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state that has made a child custody determination consistent with section 3127.15 or 3127.17 of the Revised Code has exclusive, continuing jurisdiction over the determination until the court or a court of another state determines that the child,

the child's parents, and any person acting as a parent do not presently reside in this state.

Thus, based upon the foregoing, the Medina County Domestic Relations Court has jurisdiction over, among other things, proceedings involving custody and the allocation of parental rights and responsibilities, as well as matters arising from those cases and proceedings.

{¶15} As previously discussed, Father filed a Complaint to Establish Custody of H.C.C. in the domestic relations court. In his Complaint, Father requested the court grant him "full custody and/or visitation" of H.C.C. On March 15, 2011, the trial court journalized a Judgment Entry resolving Father's Complaint for Custody, stating:

> Upon due consideration thereof, the [c]ourt finds Plaintiff Bradley V. Cubbal is the Father, and Defendant Brittany R. Charek is the Mother of the minor child, [H.C.C.] born June 13, 2009. The parent-child relationship was previously established in Cuyahoga County Common Pleas, Juvenile Division, Case No. PR 09 702162.
>
> The [c]ourt further finds that the parties have entered into a Shared Parenting Plan, and that in open court, the parties have acknowledged, under oath, that they voluntarily signed this Plan; that they intend this Judgment Entry to constitute an Order for Shared Parenting, that a written request for shared [S]hared [P]arenting was filed and submitted at least thirty (30) days prior to hearing; and that the Shared Parenting Plan is in the best interests of the parties' minor child, H.C.C.

The record also reveals that, subsequent to the March 15, 2011 Judgment Entry, Father initiated further litigation regarding H.C.C. in the domestic relations court, which, in accordance with R.C. 2301.03(U) and R.C. 3127.16, had continuing jurisdiction over these matters.

{¶16} Thus, because Father's jurisdictional argument fails, we now address the five assignments of error on appeal.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED A PLAIN AND VOID OR VOIDABLE ERROR, AS A MATTER OF LAW, WHEN IT ADOPTED THE MAGISTRATE'S [PARENTING TIME AND**

**CHILD SUPPORT] DECISION/ORDER[S] AND OVERRULED [FATHER'S] OBJECTIONS DUE TO AN IMPROPER ASSIGNMENT AND TRANSFER OF THE CASE TO AN UNSPECIFIED VISITING JUDGE.**

{¶17} In his first assignment of error, Father argues this matter was improperly transferred to a visiting judge without allowing Father the opportunity to object to the transfer. According to Father, this "procedural irregularity" amounts to plain and obvious error. Based upon the record, however, we disagree.

{¶18} Article IV, Section 5 of the Ohio Constitution states, in relevant part, that:

(A)(1) In addition to all other powers vested by this article in the supreme court, the supreme court shall have general superintendence over all courts in the state. Such general superintending power shall be exercised by the chief justice in accordance with rules promulgated by the supreme court.

* * *

(3) The chief justice or acting chief justice, as necessity arises, shall assign any judge of a court of common pleas or a division thereof temporarily to sit or hold court on any other court of common pleas or division thereof or any court of appeals or shall assign any judge of a court of appeals temporarily to sit or hold court on any other court of appeals or any court of common pleas or division thereof and upon such assignment said judge shall serve in such assigned capacity until the termination of the assignment. Rules may be adopted to provide for the temporary assignment of judges to sit and hold court in any court established by law.

Indeed, "where an officer holds the office and performs the duties thereof with the acquiescence of the public authorities and the public and has the reputation of being the officer he assumes to be and is dealt with as such, he is, in the eyes of the law, a de facto officer." *State v. Zalesky*, 9th Dist. Summit No. 3364, 1982 WL 5178, *3 (Dec. 8, 1982). "A de facto judge [] has all the power and authority of a 'de jure' judge[.]" (Internal citations omitted.) *Seaford v. Norfolk S. Ry. Co.*, 8th Dist. Cuyahoga No. 83137, 2004-Ohio-6849, ¶ 20, rev'd on other grounds, 2005-Ohio-5407, ¶ 20, 106 Ohio St. 3d 430.

{¶19} The June 5, 2020 Judgment Entry addressed this very issue, stating:

For clarity, the [c]ourt notes that the Chief Justice of the Ohio Supreme Court has appointed retired Judge David A. Basinski to serve as a visiting judge of the Medina County Court of Common Pleas, Division of Domestic Relations, with full authority to hear and decide cases. Because the visiting judge's appointment is one of general reference, the appointment order is filed and docketed on the Clerk's miscellaneous docket, instead of filed and docketed in specific domestic relations cases.

However, other than signing the October 25, 2018 Judgment Entry which adopted the Magistrate's Decision, on behalf of Judge Mary Kovack, Judge Basinski was not otherwise involved in this matter. Instead, upon the filing of Father's four sets of objections, Judge Kovack fully and independently reviewed the October 25, 2018 Magistrate's Decision.

{¶20} Thus, because this matter was not improperly assigned or transferred to Judge Basinski, and Judge Kovack actually ruled upon Father's objections, Father suffered no prejudice. Further, there was no obvious or plain error based upon Judge Basinski's limited role in these proceedings. *See Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). ("In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.")

{¶21} Accordingly, Father's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN IT ADOPTED THE MAGISTRATE'S DECISION AND OVERRULLED [SIC.] [FATHER'S] OBJECTIONS DEPRIVING [FATHER] OF HIS RIGHT TO DUE PROCESS BECAUSE HE WAS NOT SERVED WITH THE MAGISTRATE'S DECISION [WHICH] [LIMITED] [HIS] PARENTING TIME WITH HIS SON AND INCREAS[ED] HIS CHILD SUPPORT OBLIGATION.

{¶22} In his second assignment of error, Father argues he was denied due process because he "technically" was not served within three days of the October 25, 2018 Magistrate's Decision and there was no service notation on the docket. We disagree.

{¶23} The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Based upon a review of this record, even if Father was not timely served with the October 25, 2018 Magistrate's Decision, Father was not prejudiced in any way. The October 25, 2018 Magistrate's Decision includes a reference to copying Father, Mother's attorney, the Guardian ad Litem, the Medina County Child Support Enforcement Agency, the Medina County Supervised Parenting Time and Safe Exchange Center, and a court investigator on the journalized decision. Father timely filed objections to the October 25, 2018 Magistrate's Decision on November 5, 2018, November 7, 2018, and November 8, 2018, and also filed a timely Notice of Appeal on October 31, 2018, six days after the journalizing of the decision. Additionally, Father had ample time to supplement the objections with a transcript of the final hearing or an affidavit. Further, the trial court fully reviewed Father's objections and issued a Judgment Entry on June 5, 2020, from which Father also timely appealed. As such, Father was afforded the right to be heard and suffered no prejudice.

{¶24} Accordingly, Father's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN IT ADOPTED THE MAGISTRATE'S [LIMINAL] DECISION AND OVERRULED [FATHER'S] OBJECTIONS BECAUSE, AMONG OTHER THINGS, THE ADMISSION OF IMPROPER EVIDENCE AFFECTS [FATHER'S] SUBSTANTIAL RIGHTS UNDER OHIO EVID. R. 103.**

{¶25} In his third assignment of error, Father argues the trial court abused its discretion in denying his motion *in limine*, without specificity, and maintains that "certain evidence should have [been] excluded."

{¶26} As a general rule, the grant or denial of a motion *in limine* is not a definitive ruling on the evidence. *State v. Grubb*, 28 Ohio St.3d 199, 200-201, (1986). Rather, it "is a tentative, interlocutory, precautionary ruling by the trial court." *Id.* Due to the preliminary nature of the ruling, in order to preserve the issue for appeal, one must object at the point during trial when the issue arises. *State v. Echard*, 9th Dist. Summit No. 24643, 2009-Ohio-6616, ¶ 4. In *Echard*, this Court recognized "that renewing a motion and/or objection in the context of when [the evidence] is offered at trial is important because 'the trial court is certainly at liberty * * * to consider the admissibility of the disputed evidence in its actual context.'" *Id.*, quoting *Grubb* at 202.

{¶27} However, as this Court aptly explained in *Akron v. Carter*, 9th Dist. Summit Nos. 25037, 25038, 2010-Ohio-5462, ¶ 8:

> Not all motions *in limine* are aimed at evidence that may later become relevant and admissible if and when a proper foundation has been laid at trial. Some evidence cannot ever become relevant and admissible. For instance, evidence that is subject to the mediation-communication privilege and is not covered by an exception is neither discoverable nor admissible at trial. * * * [Further,] [w]hether evidence is privileged under the statute is not dependent on a foundation being laid at trial. Therefore, the ruling on this type of motion *in limine* is not preliminary. It is definitive.

Evid.R. 103, as revised, also provides: "[o]nce the court rules definitely on the record, either before or at trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal."

{¶28} The record indicates that, prior to the final hearing on June 29, 2018, Father filed a motion *in limine* regarding certain potential evidence that could be introduced at trial. In the motion, Father moved the trial court for a "pre-trial evidentiary ruling on various issues *likely* to

arise at trial." (Emphasis added.)   Father then listed potential evidence including: (1) Facebook Messenger messages; (2) medical records regarding substance abuse; (3) reports from staff at the Medina County Supervised Parenting Time and Safe Exchange Center; (4) a hair follicle drug test from January 16, 2018; and (5) the Guardian ad Litem's report.   In a Magistrate's Order addressing Father's waiver of counsel for the upcoming trial and Father's submission to another hair follicle drug test prior to the final hearing, the magistrate summarily denied the motion *in limine* without any discussion on the merits.

{¶29}   Here, as previously indicated, a transcript of the June 29, 2018 final hearing is not part of the record on appeal.   Thus, this Court has no way to determine whether Mother even presented this evidence at trial for admission.   Without a transcript of the June 29, 2018 final hearing, we must presume regularity of the trial court's proceedings and conclude that Father has not met his burden of demonstrating error on appeal.   *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶30}   Accordingly, Father's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR, AS A MATTER OF LAW, WHEN IT ADOPTED THE MAGISTRATE'S [PARENTING TIME] DECISION/ORDER AND OVERRULED [FATHER'S] OBJECTIONS BASED ON ITS INTERPRETATION AND APPLICATION OF OHIO R.C. 3109.052(D).**

### ASSIGNMENT OF ERROR V

**THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR, AS A MATTER OF LAW, WHEN IT ADOPTED THE MAGISTRATE'S [CHILD SUPPORT] DECISION/ORDER AND OVERRULED [FATHER'S] OBJECTIONS DUE TO ITS INTERPRETATION AND APPLICATION OF OHIO R.C. [3119.08] (C)(11).**

{¶31} In assignments of error four and five, Father argues the trial court abused its discretion in adopting the October 25, 2018 Magistrate's Decision regarding parenting time and child support. Specifically, Father asserts the trial court misinterpreted and misapplied R.C. 3109.052(D), which relates to the appropriateness of utilizing mediation in certain domestic relations proceedings. Father's argument, however, appears to discuss R.C. 3109.051, parenting time rights. Specifically, Father condemns the trial court's adoption of the magistrate's recommended parenting time: "three (3) hours of supervised parenting time, every other week, at the Medina County Supervised Parenting Time and Safe Exchange Center." In so doing, Father argues the designation of supervised parenting time does not address summer parenting time, holidays, and days of special meaning, which Father classifies as extraordinary parenting time. Father further contends the extraordinary parenting time ordered in the April 20, 2015 Judgment Entry remains in "full force and effect." As to child support, Father challenges the trial court's adoption of the magistrate's finding that he is voluntarily underemployed and/or unemployed, as well as the new guideline amount of $540.50 per month, as ordered by the trial court.

{¶32} Because our analysis is identical for each assignment of error, we combine our discussion of assignments of error four and five.

{¶33} Civ.R. 53(D)(3)(b)(iii) provides:

An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

As this Court has stated, "[t]he duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision." *Bayview Loan Servicing, L.L.C. v. Likely*, 9th Dist. Summit No. 28466, 2017-Ohio-7693, ¶ 12, quoting *Swartz v. Swartz*, 9th Dist. Medina No. 11CA0057-M, 2011-Ohio-6685, ¶ 8. "Without a transcript of the hearing, [a] trial court [is] required to accept all of the magistrate's findings of fact as true and only review the magistrate's conclusions of law based upon the accepted findings of fact." *Bayview Loan Servicing, L.L.C.*, at ¶ 12, quoting *City of Cuyahoga Falls v. Eslinger*, 9th Dist. Summit No. 21951, 2004-Ohio-4953, 2004 WL 2244495, ¶ 6. "It follows that [the appellate court] must do the same." *Id.* However, "[w]ithout a transcript, an appellant cannot demonstrate error with respect to factual findings, and thus, the appellate court must presume the regularity of the proceedings and that the facts were correctly interpreted." *Bayview Loan Servicing, L.L.C.*, at ¶ 12, citing *Vidalis v. Med. Mut. of Ohio, Inc.*, 9th Dist. Summit No. 23633, 2007-Ohio-4656, ¶ 10; *Akron v. Jackson*, 9th Dist. Summit No. 27077, 2014-Ohio-2036, ¶ 11. Thus, when a party objects to a magistrate's decision, but does not provide the trial court with the necessary transcripts to review the objections, there are serious consequences for appellate review.

{¶34} The record in this matter indicates Father failed to provide the trial court with a transcript of the June 29, 2018 final hearing, or an affidavit, in accordance with Civ.R. 53(D)(3)(b)(iii). Although Father filed a motion requesting the "state" to incur the cost of the June 19, 2018 transcript, or for the trial court to use alternative technology, Father's motion was not expressly ruled upon by the trial court. Importantly, Father still had a legal duty to supplement the objections with the transcript of the final hearing, or an affidavit, within thirty days of the filing of the objections, unless the trial court granted him additional time. *See* Civ.R. 53(D)(3)(b)(iii), *see also Wolford v. Sanchez*, 9th District Lorain No. 05CA008674, 2005-Ohio-6992, ¶ 41.

("[M]otions not ruled upon are deemed denied and the motions were clearly denied upon the entry of [] judgment[.]") In the June 5, 2020 Judgment Entry, the trial court addressed the transcript deficiency as follows:

> Upon further review of the Magistrate's Decision and Father's first, third and fourth sets of objections thereto, the [c]ourt finds that Father's objections raise questions of mixed law and fact. Because Father's objections raise questions of mixed law and fact, the [c]ourt finds that Father was required to submit a transcript of the evidence presented at the hearing, pursuant to Civil Rule 53(D)(3)(b)(iii)[.] Since Father failed to submit a transcript of the hearing conducted June 29, 2018, the [c]ourt is unable to review the merits of Father's objections to the [m]agistrate's factual findings. As such, the [c]ourt has no choice but to presume the regularity of the proceedings and to further presume that the Magistrate correctly interpreted the facts and the evidence, including any exhibits that were admitted, and appropriately applied the law.

Although the trial court misquoted the law as to presuming regularity, which is only applicable to appellate review, the trial court engaged in the correct analysis of the October 25, 2018 Magistrate's Decision. Specifically, in accepting all of the magistrate's findings of fact as true, the trial court then properly reviewed the magistrate's conclusions of law, pursuant to R.C. 3109.051(D), and indicated the magistrate "not only made specific reference to, but also analyzed each and every one [of] the best interest factors set forth in R.C. 3109.051(D)."

{¶35} "[R.C.] 3109.051 governs a trial court's decisions as to [parenting time]. *Stahl v. Stahl*, 9th Dist. Summit No. 27876, 2017-Ohio-4170, ¶ 15, citing *Braatz v. Braatz*, 85 Ohio St.3d 40, 44 (1999). "When a trial court determines parenting time under R.C. 3109.051, it must do so consistent with the best interests of the children involved with consideration of the factors mentioned in R.C. 3109.051(D)." *Stahl* at ¶ 15, quoting *Pirkel v. Pirkel*, 9th Dist. Lorain No. 13CA010436, 2014-Ohio-4327, ¶ 9. Further, "explicit reference to R.C. 3109.051's factors [are] unnecessary if it is clear from the record the court considered the factors[.]" (Internal quotation and citation omitted) *Ross v. Ross*, 9th Dist. Summit No. 26106, 2012-Ohio-2175, ¶ 8. "In order

to further a child's best interests, the court has the discretion to limit or restrict visitation rights, including 'the power to restrict the time and place of visitation, to determine the conditions under which visitation will take place and to deny visitation rights altogether if visitation would not be in the best interests of the child.'" *Stahl* at ¶ 15, quoting *Marrero v. Marrero*, 9th Dist. Lorain No. 02CA008057, 2002-Ohio-4862, ¶ 9, quoting *Anderson v. Anderson*, 147 Ohio App.3d 513, 519, (7th Dist.2002). "We review a decision regarding parenting time for an abuse of discretion." *Pirkel* at ¶ 9.

{¶36} The trial court's modification of parenting time, based upon consideration of the best interest factors listed in R.C. 3109.051(D), is clearly stated as: "three (3) hours of supervised parenting time, every other week, at the Medina County Supervised Parenting Time and Safe Exchange Center." Additionally, pursuant to the October 25, 2018 and June 5, 2020 Judgment Entries, Father is not entitled to extraordinary parenting time such as vacation, holiday, or days of special meaning, unless it falls within the ordered supervised time. In the October 25, 2018 Magistrate's Decision, the magistrate specifically discussed and considered the best interest factors relating to H.C.C., the Guardian ad Litem's report and recommendation for supervised parenting time, the credibility of Father's testimony regarding his ongoing drug addiction, Father's threats of violence against Mother if he cannot have parenting time with H.C.C., and that "Father continues to exercise poor judgment and then refuses to take responsibility for his actions." As such, in reviewing the record before us, this Court cannot say the trial court erred in granting Father limited supervised parenting time with H.C.C., based upon the R.C. 3109.051(D) best interest factors and other relevant evidence such as Father's struggle with substance abuse.

{¶37} Further, because Father failed to raise an objection to the Magistrate's Decision regarding being voluntarily underemployed and/or unemployed, Father forfeited this issue on

appeal and has not argued plain error. *See* Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).") *See also Adams v. Adams*, 9th Dist. Wayne No. No. 13CA0022, 2014-Ohio-1327, ¶ 6. ("A review of the record reveals that Husband did not file any objections to the magistrate's decision. Furthermore, Husband has not argued plain error on appeal. This Court has held that when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal.")

{¶38} Accordingly, Father's fourth and fifth assignments of error are overruled.

III.

{¶39} For the reasons stated above, Father's five assignments of error are overruled. The Judgments of the Medina County Court of Common Pleas, Division of Domestic Relations, are affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

BRADLEY CUBBAL, pro se, Appellant.

ANDREA L. BURDELL-WARE, Attorney at Law, for Appellee.