[Cite as *Calhoun v. Ball*, 2024-Ohio-319.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

HOMELL T. CALHOUN

    Appellant

    v.

TODD W. BALL et al.

    Appellees

C.A. No.      30748

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     22-CVI-02074

DECISION AND JOURNAL ENTRY

Dated: January 31, 2024

---

CARR, Presiding Judge.

**{¶1}** Appellant, Homell T. Calhoun, appeals a judgment of the Akron Municipal Court. This Court reverses.

I.

**{¶2}** Mr. Calhoun filed a small-claims complaint against Todd and Jacqueline Ball alleging that he was entitled to $6,000 in damages arising from the attempted purchase of two automobiles. The Balls did not file an answer, and the matter was referred to a magistrate. After conducting a hearing, the magistrate concluded that Mr. Calhoun entered into a contract with the Balls to purchase a BMW for $1,306 and agreed that if Mr. Calhoun provided materials, they would perform certain repairs to the vehicle. The magistrate concluded that Mr. Calhoun paid for the vehicle and materials for its repair. The magistrate also found that after Mr. Calhoun took possession but before he obtained title, the Balls towed the car from his residence. The magistrate

concluded that Mr. Calhoun was entitled to $1,382.83 in damages consisting of the amount that he paid for the vehicle plus the value of the parts that he purchased for repairs.

{¶3} On February 6, 2023, Mr. Calhoun filed timely objections to the magistrate's decision. In his objections, Mr. Calhoun maintained that the magistrate did not consider claims that he asserted in addition to breach of contract and challenged the magistrate's findings of fact. Mr. Calhoun asserted that he was indigent and, therefore, that a transcript of the hearing before the magistrate was not available to him under Civ.R. 53(D)(3)(b)(iii). Consistent with this position, he supported his objections with his own affidavit of the testimony before the magistrate. With his objections, Mr. Calhoun also moved to proceed in forma pauperis and for the trial court to permit him to file the record of proceedings using alternative technology as permitted by Civ.R. 53(D)(3)(b)(iii).

{¶4} On April 3, 2023, the trial court granted Mr. Calhoun's motion to proceed in forma pauperis and permitted him to transmit the record on CD by April 24, 2023. Four days before that deadline, Mr. Calhoun filed a motion asking the trial court to obtain the CD directly from the court reporter. In support of the motion, Mr. Calhoun stated that he was currently incarcerated and had asked a friend to contact the court reporter to obtain the CD, but he also explained that the court reporter had not returned the friend's calls. According to Mr. Calhoun, the friend then went to the clerk's office in person to request and pay for the CD but was informed that the office would be closed for two weeks, or until at least April 24, 2023 – the deadline for filing the CD. The trial court did not rule on the motion.

{¶5} Instead, on June 2, 2023, the trial court entered judgment on Mr. Calhoun's objections. In doing so, the trial court noted "[Mr. Calhoun] asked this Court for leave to file an audio recording as the record rather than provide a transcript of proceedings. This Court granted

leave, but [he] did not provide an audio recording." The trial court agreed that the magistrate did not consider one of Mr. Calhoun's claims and awarded him an additional $1,000. The trial court, therefore, overruled Mr. Calhoun's objections in part and sustained them in part and entered judgment against the Balls in the amount of $2,382.83. Mr. Calhoun appealed, assigning three errors for this Court's review. Because his second assignment of error is dispositive, this Court addresses it out of order.

I.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ABUSED ITS DISCRETION BY NEVER RULING ON MR. CALHOUN'S TIMELY-FILED "MOTION TO OBTAIN THE AUDIO CD OF TRIAL[,]" WHICH WAS ESSENTIALLY A MOTION FOR CONTINUANCE TO OBTAIN THE CD AUDIO RECORDING OF THE TRIAL, AND THEN OVERRULING PART OF THE OBJECTION BY STATING IN THE JOURNAL ENTRY THAT IT WAS DOING SO BECAUSE MR. CALHOUN HAD NEVER OBTAINED THE AUDIO RECORD OF THE TRIAL FOR IT TO REVIEW DESPITE MR. CALHOUN'S PROVING HIS INDIGENCE IN AN AFFIDAVIT AS WELL AS TIMELY FILING AN AFFIDAVIT OF THE EVIDENCE AND TESTIMONY IN LIEU OF THE TRANSCRIPT, IN DEROGATION OF CIV.R. 53(D)(3)(B)(III).

{¶6}    Mr. Calhoun's second assignment of error is that the trial court erred by entering judgment without ruling on his April 20, 2023 motion to obtain the audio recording of the trial court, which Mr. Calhoun explains was essentially a motion to continue. This Court agrees.

{¶7}    Objections to a magistrate's factual findings must be supported by a transcript of the proceedings before the magistrate or, if a transcript is not available, by an affidavit setting forth that evidence. Civ.R. 53(D)(3)(b)(iii). If leave of court is obtained, the record supporting the objections may be reviewed using "alternative technology[.]" *Id*. This Court has noted that the burden of complying with the Rule falls to the appellant, and when an appellant fails to provide a

transcript to the trial court, "there are serious consequences for appellate review." *Cubbal v. Charek*, 9th Dist. Medina Nos. 18CA0097-M, 20CA0038-M, 2021-Ohio-1909, ¶ 33.

{¶8} In *Cubbal*, for example, this Court concluded that the appellant failed to comply with Civ.R. 53(D)(3)(b)(iii) by filing a transcript or affidavit, if applicable. *Id.* at ¶ 34. This Court noted that the appellant had moved the trial court for leave to provide the transcript using alternative technology but noted that because the trial court did not rule on that motion, it was presumed denied. *Id.* Consequently, this Court reasoned, the appellant was still required to timely file a transcript of proceedings to support his objections. *Id.* In this case, however, Mr. Calhoun moved to provide the record by means of alternative technology, and the trial court granted that motion. As Mr. Calhoun explained in his motion, the Akron Municipal Court was inaccessible to the public during most of the period of time set by the trial court to obtain a CD containing a recording of the proceedings. In that respect, this Court takes judicial notice of the fact that the Akron Municipal Court was closed to the public from April 7, 2023, until further notice due to public demonstrations in and around downtown Akron. *See Akron Municipal Court to Hold Arraignments Remotely, Courtrooms Closed to Public*, https://akronmunicipalcourt.org/news/akron-municipal-court-to-hold-arraignments-remotely-courtrooms-closed-to-public/ (accessed Dec. 14, 2023). *See State ex rel. King v. Watson*, Slip Opinion No. 2023-Ohio-4189, ¶ 9 ("A court may take judicial notice of facts that are not subject to reasonable dispute.") Mr. Calhoun brought his inability to obtain the CD to the attention of the trial court before the deadline for filing the record passed, but the trial court did not rule on that motion. Instead, without addressing it, the trial court entered judgment and noted that Mr. Calhoun failed to file the record.

{¶9} The decision to grant or deny a continuance is one entrusted to the discretion of the trial court. *In re Walker*, 156 Ohio St.3d 1320, 2019-Ohio-2894, ¶ 4. Under the circumstances presented in this case, however, this Court concludes that the trial court did abuse its discretion by failing to address Mr. Calhoun's April 20, 2023 motion and proceeding to judgment as though he had not complied with the trial court's deadline regarding the record. Mr. Calhoun's second assignment of error is, therefore, sustained.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. CALHOUN BY ONLY CONSIDERING HIS AFFIDAVIT IN LIEU OF THE TRANSCRIPT FOR HIS OBJECTION REGARDING HIS STOLEN BMX BIKE AND BIKE RACK, BUT THEN OVERRULING THE REST OF HIS OBJECTIONS BASED ON HIS SUPPOSED FAILURE TO OBTAIN THE AUDIO RECORD, IN DEROGATION OF CIV.R. 53(D)(3)(B)(III).

### ASSIGNMENT OF ERROR III

THE TRIAL COURT'S DECISION TO ADOPT THE MAGISTRATE'S DECISION IN PART IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE INCORRECT AND UNSUPPORTED BY THE EVIDENCE ADDUCED AT TRIAL WITH REGARD TO THE PURCHASE OF THE BMW AND IT DOES NOT MAKE ANY FINDINGS OF FACT OR CONCLUSIONS OF LAW WITH REGARD TO THE PURCHASE OF THE PONTIAC G8, THE $480.00 CASH ADVANCE ON THE BOUNCED REFUND CHECK FOR THE BMW, THE TWO NEW KEYS FOR THE BMW AND THE PONTIAC G8, AND THE JUMP STARTER BOX FOR THE BMW.

{¶10} In his first and third assignments of error, Mr. Calhoun argues that the trial court erred in its resolution of his objections with reference to the evidence in his affidavit. In light of this Court's resolution of Mr. Calhoun's second assignment of error, his first and third assignments of error are premature.

III.

**{¶11}** Mr. Calhoun's second assignment of error is sustained. His first and third assignments of error are premature. The judgment of the Akron Municipal Court is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

HOMELL T. CALHOUN, pro se, Appellant.

TODD W. BALL and JACQUELINE L. BALL, pro se, Appellees.